UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MEDICAL IMAGING CORP., PARTNERS IMAGING CENTER OF VENICE LLC, PARTNERS IMGAING CENTER OF CHARLOTTE LLC, and PARTNERS IMAGING CENTER OF NAPLES LLC,

    Plaintiffs,

v.                                            Case No: 8:17-cv-1933-T-36TGW

PARTNERS IMAGING HOLDINGS LLC,

    Defendant.

## RELATED CASE ORDER
## AND TRACK TWO NOTICE

It is hereby **ORDERED** that, no later than fourteen days from the date of this Order, counsel and any *pro se* party shall comply with Local Rule 1.04(d), and shall file and serve a certification as to whether the instant action should be designated as a similar or successive case pursuant to Local Rule 1.04(a) or (b). The parties shall utilize the attached form NOTICE OF PENDENCY OF OTHER ACTIONS. It is

**FURTHER ORDERED** that, in accordance with Local Rule 3.05, this action is designated a **Track Two** case. All parties must comply with the requirements established in Local Rule 3.05 for Track Two cases. Counsel and any unrepresented party shall meet within sixty days after service of the complaint upon any defendant for the purpose of preparing and filing a Case Management Report. The parties shall utilize the **attached** Case Management Report form. Unless otherwise ordered by the Court, a party may not seek discovery from any source before the meeting. Fed. R. Civ. P. 26

(d); Local Rule 3.05(c)(2)(B).   *Plaintiff is responsible for serving a copy of this notice and order with attachments upon each party no later than fourteen days after appearance of the party.*

August 16, 2017

                                       Charlene Edwards Honeywell
                                       United States District Judge

Attachments: Notice of Pendency of Other Actions [mandatory form]
                 Case Management Report [mandatory form]
                 Magistrate Judge Consent / Letter to Counsel
                 Magistrate Judge Consent Form / Entire Case
                 Magistrate Judge Consent / Specified Motions

Copies to:    All Counsel of Record
                All *Pro Se* Parties

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

MEDICAL IMAGING CORP., PARTNERS IMAGING CENTER OF VENICE LLC, PARTNERS IMGAING CENTER OF CHARLOTTE LLC, and PARTNERS IMAGING CENTER OF NAPLES LLC,

    Plaintiffs,

v.                                       Case No: 8:17-cv-1933-T-36TGW

PARTNERS IMAGING HOLDINGS LLC,

    Defendant.

_____

## NOTICE OF PENDENCY OF OTHER ACTIONS

In accordance with Local Rule 1.04(d), I certify that the instant action:

_____ IS         related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:

_____
_____
_____
_____

_____ IS NOT     related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

I further certify that I will serve a copy of this NOTICE OF PENDENCY OF OTHER ACTIONS upon each party no later than fourteen days after appearance of the party.

Dated:

_____
Counsel of Record or *Pro Se* Party
   [Address and Telephone]



**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

August 1, 2015

Dear Counsel:

Enclosed with this letter is a communication from the Clerk of this Court affording you the opportunity, with the approval of the U.S. District Judge, to consent to the reference of any part or all of the proceedings in this case to a U.S. Magistrate Judge, including reference for final disposition.

Careful consideration should be given to this option.

To assist the federal courts in coping with dramatically increased caseloads, Congress authorized the reference to a U.S. Magistrate Judge of any part or all of the proceedings in a civil case, both jury and non-jury, upon consent of all parties (28 U.S.C. § 636[c]). All of the U.S. District Judges in this District refer cases under this provision to our able and experienced U.S. Magistrate Judges who are almost always able to schedule early and firm trial dates, in accordance with the needs of the parties.

Whether to consent to a reference to a U.S. Magistrate Judge is entirely up to you and your client. This case has not been specifically selected for this program; the Clerk sends out this notice in every civil case. If a party declines to consent to a reference, that fact is known only to the Clerk and not to any of the District or Magistrate Judges.

This program has proved to be of great benefit to counsel, client, and the Court.

Sincerely yours,

Hon. Steven D. Merryday, Chief Judge   Hon. Charlene Edwards Honeywell

Hon. Elizabeth A. Kovachevich   Hon. Roy B. Dalton, Jr.

Hon. James D. Whittemore   Hon. Sheri Polster Chappell

Hon. Timothy J. Corrigan   Hon. Brian J. Davis

Hon. Virginia Hernandez Covington   Hon. Paul G. Byron

Hon. Marcia Morales Howard   Hon. Carlos E. Mendoza

Hon. Mary S. Scriven

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | | |
|---|---|---|
| MEDICAL IMAGING CORP., et al. ) | | |
| *Plaintiffs* ) | | |
| v. ) | Civil Action No. | 8:17-cv-1933-T-36TGW |
| PARTNERS IMAGING HOLDINGS LLC ) | | |
| *Defendant* ) | | |

**NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.

# UNITED STATES DISTRICT COURT
for the

Middle District of Florida

| | |
|---|---|
| MEDICAL IMAGING CORP., et al. ) | |
| *Plaintiffs* ) | |
| v. ) | Civil Action No.  8:17-cv-1933-T-36TGW |
| PARTNERS IMAGING HOLDINGS LLC ) | |
| *Defendant* ) | |

**NOTICE, CONSENT, AND REFERENCE OF A DISPOSITIVE MOTION TO A MAGISTRATE JUDGE**

*Notice of a magistrate judge's availability.*   A United States magistrate judge of this court is available to conduct all proceedings and enter a final order dispositive of each motion.   A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have motions referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences.   The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's consideration of a dispositive motion.*   The following parties consent to have a United States magistrate judge conduct any and all proceedings and enter a final order as to each motion identified below *(identify each motion by document number and title)*.

**Motions:** _____

_____

_____

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |

**Reference Order**

**IT IS ORDERED:** The motions are referred to a United States magistrate judge to conduct all proceedings and enter a final order on the motions identified above in accordance with 28 U.S.C. § 636(c).

Date: _____

_____
*District Judge's signature*

_____
*Printed name and title*

Note:   Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge.   Do not return this form to a judge.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MEDICAL IMAGING CORP., PARTNERS IMAGING CENTER OF VENICE LLC, PARTNERS IMGAING CENTER OF CHARLOTTE LLC, and PARTNERS IMAGING CENTER OF NAPLES LLC,

    Plaintiffs,

v.

Case No: 8:17-cv-1933-T-36TGW

PARTNERS IMAGING HOLDINGS LLC,

    Defendant.

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000)** [Court recommends 30 days after CMR meeting] | |
| **Certificate of Interested Persons and Corporate Disclosure Statement** [Each party who has not previously filed must file immediately] | |
| **Motions to Add Parties or to Amend Pleadings** [Court recommends 1 - 2 months after CMR meeting] | |
| **Disclosure of Expert Reports** **Plaintiff:** **Defendant:** [Court recommends 1 - 2 months before discovery deadline to allow expert depositions] | |
| **Discovery Deadline** | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| [Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | |
| **Dispositive Motions, *Daubert,* and *Markman* Motions** [Court requires 5 months or more before trial term begins] | |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement** [14 days before Joint Final Pretrial Statement] | |
| **Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (a Word or WordPerfect® version may be e-mailed to the Chambers mailbox), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** [Court recommends 3 weeks before Final Pretrial Conference] | |
| **All Other Motions Including Motions *In Limine*** [Court recommends 3 weeks before Final Pre-trial Conference] | |
| **Final Pretrial Conference** [Court will set a date that is approximately 3 weeks before trial] | |
| **Trial Briefs** [Court recommends 2 weeks before Trial] | |
| **Trial Term Begins** [Local Rule 3.05 (c)(2)(E) sets goal of trial within 2 years of filing complaint in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms typically begin on the 1st business day of the first full week of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | |
| **Estimated Length of Trial   [trial days]** | |
| **Jury / Non-Jury** | |
| **Mediation Deadline:** **Mediator:** | |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Address:**<br><br>**Telephone:**<br><br>**[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline]** | |
| **All Parties Consent to Proceed Before Magistrate Judge** | Yes____<br> No____<br><br>**Likely to Agree in Future** _____ |

**I.      Meeting of Parties in Person**

Lead counsel must meet *in person* and not by telephone absent an order permitting otherwise.  Counsel will meet in the Middle District of Florida, unless counsel agree on a different location.  Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[1] a meeting was held in person on _____ (date) at _____ (time) at _ (place) and was attended by:

        Name                                   Counsel for (if applicable)

**II.     Pre-Discovery Initial Disclosures of Core Information**

      **Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

---

[1] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Fed.R.Civ.P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties \_\_\_\_ have exchanged \_\_\_\_ agree to exchange (check one) information described in Fed.R.Civ.P. 26(a)(1)(A) - (D)

on             by (check one)                        _____ (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

### III.   Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

\_\_\_   No party anticipates the disclosure or discovery of ESI in this case;

\_\_\_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[2]

---

[2]   See Generally: *Rules Advisory Committee Notes* to the 2006

A.  The form or forms in which ESI should be produced.

B.  Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

.

C.  Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D.  The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

E.  The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F.  Any issues relating to preservation of discoverable ESI.

---

Amendments to Rule 26 (f) and Rule 16.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

_____

_____

_____

_____

If there are disputed issues specified above, or elsewhere in this report, then (check one):

____ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be

addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

\_\_\_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV.    **Agreed Discovery Plan for Plaintiffs and Defendants**

   A.    **Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.   No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement.   A motion, memorandum, response, or other paper  —  including emergency motion  —  is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.   Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

_____    Yes

_____   No              Amended Certificate will be filed by _____

(party) on or before   _____ (date).

**B.    Discovery Not Filed  —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.   The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f).   The parties further agree as follows:

**C.    Limits on Discovery  —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party).   Fed.R.Civ.P. 30(a)(2)(A); Fed.R.Civ.P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts.   Fed.R.Civ.P. 33(a); Local Rule 3.03(a).   Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed.R.Civ.P. 30(d)(2).   The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order.   Fed.R.Civ.P. 29.   In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

      1.    Depositions

    2.     Interrogatories

    3.     Document Requests

    4.     Requests to Admit

    5.     Supplementation of Discovery

**D.**    **Discovery Deadline** —

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows:

**E.     Disclosure of Expert Testimony   —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e).  Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order.  Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.  The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

**F.     Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential.  The Court is a public forum, and disfavors motions to file under seal.  The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need.  See *Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985).  A party seeking to file a document under seal must file a motion to file under seal

requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

**G.     Other Matters Regarding Discovery —**

**V.       Settlement and Alternative Dispute Resolution.**

   **A.       Settlement —**

   The parties agree that settlement is

\_\_\_\_\_     likely _____      unlikely                    (check one)

   The parties request a settlement conference before a United States Magistrate Judge.

   yes _____    no_____          likely to request in future _____

   **B.       Arbitration —**

   The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case.   Do the parties agree to arbitrate?

      yes _____            no _____           likely to agree in future _____

_____ Binding                  _____Non-Binding

   **C.       Mediation —**

   Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules.   The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

   **D.       Other Alternative Dispute Resolution —**

The parties intend to pursue the following other methods of alternative dispute resolution:

Date: _____

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____